IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMPRESS ARABIANS, INC.,

                Plaintiff,                            05cv0676
                                                      ELECTRONICALLY FILED

     v.

QBE INTERNATIONAL INSURANCE
LIMITED; BRIT UW LTD.; LEXINGTON
INSURANCE COMPANY; TRYG BALTICA
INTERNATIONAL, (U.K.), LTD.;
WELLINGTON SYNDICATE 2020; C. JARVIS
INSURANCE AGENCY, INC., and
KIMBERLY M. JARVIS,

                Defendants.

Memorandum Order

This is an insurance coverage action brought pursuant to 28 U.S.C. § 1332(a).  Plaintiff,

Empress Arabians, Inc., alleges that defendants, QBE International Insurance Limited ("QBE"),

Brit UW Ltd. ("Brit"), Lexington Insurance Company ("Lexington"), Tryg Baltica International,

(U.K.), Ltd. ("Tryg"), Wellington Syndicate 2020 ("Wellington"), C. Jarvis Insurance Agency,

Inc. ("Jarvis Agency"), and Kimberly M. Jarvis, breached the terms of their insurance contract

(counts I, III) and otherwise engaged in bad faith (counts II, IV).  Plaintiff also charges

defendants Jarvis Agency and Kimberly Jarvis with negligent misrepresentation (count V),

fraudulent misrepresentation (count VI), negligence (count VII), and violation of the Unfair

Trade Practices and Consumer Protection Law ("UTPCPL") and the Unfair Insurance Practices

Act ("UIPA") (count VIII).  Plaintiff seeks compensatory and punitive damages, attorney's fees,

and costs.

Specifically, plaintiff claims that for seven years previous to its acquisition of the insurance coverage in dispute, it purchased multiple equine policies from defendants, covering the health and life of several Arabian horses owned by plaintiff, including a stallion named Hucklebey Berry ("HB").  Due to HB's breeding value, said insurance allegedly provided for ASD infertility.  Plaintiff claims that in November, 2002, Jarvis, President of Jarvis Agency, contacted plaintiff regarding renewal of its policies with the other defendants, which was to expire in December, 2002.  Plaintiff agreed to renew said policies and returned the forms Jarvis sent, which allegedly included coverage for ASD infertility.  Plaintiff also endorsed and sent its premium checks directly to Jarvis, still with the alleged belief that HB was insured for ASD infertility, including infertility caused by illness or accident, until December of 2003.  In March of 2003, HB was diagnosed as sterile and plaintiff filed an insurance claim with defendants QBE, Brit, Lexington, Tryg, and Wellington.  Defendants, however, denied plaintiff's claim, asserting that the policies covered infertility only as a result of "accidental external injury."  This action followed.

Defendants Jarvis Agency and Kimberly Jarvis ("Defendants Jarvis") moved to dismiss counts III, IV, and VIII of plaintiff's complaint, arguing, as to count III (breach of contract), that they were not parties to a contract with plaintiff; as to count IV (bad faith), that they are not insurers as required by the applicable statute, 42 Pa.C.S.A. § 8371; and finally, as to count VIII (UIPA and UTPCPL) that this Court has no jurisdiction over UIPA claims and plaintiff's claim under the UTPCPL fails as a matter of law.

When the Court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end, or whether recovery appears unlikely or even remote.  The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief.  In this regard, the Court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory they advance.  Rather, the Court is under a duty to independently examine the complaint to determine if the factual allegations set forth could provide relief under any viable legal theory.  See 5 A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 337 & n.40 (2d ed. 1999).  See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is on this standard that this Court has reviewed defendants' motion.  Based on the pleadings of record and the briefs filed in support and opposition thereto, the Court is not persuaded "beyond a doubt that the plaintiff can prove no set of facts in support of [its] claim[s] which would entitle [it] to relief" regarding Counts III and IV.  Conley, 355 U.S. at 45-46.  Based on plaintiff's own statements and the supporting briefs of the parties, however, this Court will grant defendants Jarvis' motion to dismiss count VIII for violation of the UIPA and UTPCPL.

"Jurisdiction for UIPA violations is not vested in the courts."  Winterberg v. Transportation Ins. Co., 72 F.3d 318, 326 n.6 (3d Cir. 1995); see, Falbo v. State Farm Life Ins. Co., WL 116988, *9 (E.D.Pa. 1997), New Concept Beauty Acad., Inc. v. Nationwide Mut. Ins. Co., WL 746203, *4 (E.D.Pa. 1997).  The Insurance Commissioner alone enforces the UIPA, permitting no private cause of action for violations.  Great

West Life Assurance Co. v. Levithan, 834 F.Supp. 858, 863 (E.D.Pa. 1994).

Accordingly, this Court has no jurisdiction regarding alleged UIPA violations.

Furthermore, the UTPCPL provides a private cause of action for "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property."  73 Pa.C.S. § 201-9.2; see Williams v. Empire Funding Corp., 227 F.R.D. 362, 369 (E.D.Pa. 2005). "Pennsylvania courts have emphasized that the [UTPCPL] is intended for application in a specific class of transactions[,] those by consumers for primarily personal, not business-related, reasons."  Taylor v. Creditel Corp., WL 2884208, *6 (E.D.Pa. 2004).  Here, plaintiff describes itself as "a Pennsylvania corporation," (Compl. ¶ 1) and does not dispute the business motivation for its purchase of insurance for HB.  Thus, as plaintiff purchased this insurance for a business related purpose and not for personal, family, or household purposes, its claim under the UTPCPL fails.

Accordingly, defendants Jarvis' motion to dismiss will be denied as to Counts III and IV and granted as to Count VIII.  Therefore, IT IS HEREBY ORDERED that defendants' motion to dismiss (doc. no. 4) is GRANTED IN PART and DENIED IN PART.

SO ORDERED this 30th day of June, 2005.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All counsel of record as listed below

Robert J. Blumling, Esquire
Rochelle R. Koerbel, Esquire
Blumling & Gusky
1200 Koppers Building
Pittsburgh, PA 15219

Allan J. Wertz, Esquire
Randy K. Hareza, Esquire
Burns, White & Hickton
106 Isabella Street
Four Northshore Center
Pittsburgh, PA 15212-3001

Harvey A. Feintuch, Esquire
London Fischer LLP
59 Maiden Lane
New York, NY 10038